Steven J. Reisman
Terence P. Ross
Tami Kameda Sims (*pro hac vice pending*)
Shaya Rochester
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone:    (212) 940-8800
Facsimile:    (212) 940-8776

*Proposed Conflicts Counsel to the Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| WINDSTREAM HOLDINGS, INC., et al.,[1] | ) | Case No. 19-22312 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| WINDSTREAM HOLDINGS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Adv. Pro. No. 19-08246 |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARTER COMMUNICATIONS, INC. and | ) | |
| CHARTER COMMUNICATIONS OPERATING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**NOTICE OF FILING OF REVISED PROPOSED TEMPORARY RESTRAINING
ORDER AGAINST CHARTER COMMUNICATIONS, INC. AND CHARTER
COMMUNICATIONS OPERATING, LLC AND REVISED PROPOSED SHOW CAUSE
ORDER SETTING A HEARING WITH RESPECT TO DEBTORS' MOTION FOR
PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF AGAINST
CHARTER COMMUNICATIONS, INC. AND CHARTER COMMUNICATIONS
OPERATING, LLC**

---

[1] The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717.  Due to the large number of debtor entities in these Chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/windstream. The location of the Debtors' service address for purposes of these chapter 11 cases is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

**PLEASE TAKE NOTICE** that on April 5, 2019, the above-captioned debtors and debtors in possession (the "Debtors") filed the *Debtors' Motion for Temporary Restraining Order, Preliminary Injunction and Other Equitable Relief Against Charter Communications, Inc. and Charter Communications Operating, LLC* [Adv. Docket No. 2] (the "Motion").[2]

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file a revised proposed *Temporary Restraining Order Against Charter Communications, Inc. and Charter Communications Operating, LLC* attached hereto as **Exhibit A** (the "Revised TRO").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file an accompanying revised proposed *Show Cause Order Setting A Hearing with Respect to Debtors' Motion for Preliminary Injunction and Other Equitable Relief Against Charter Communications, Inc. and Charter Communications Operating, LLC* attached hereto as **Exhibit B** (the "Revised Show Cause Order").

**PLEASE TAKE FURTHER NOTICE** that comparisons between the Revised TRO and Revised Show Cause Order against the version submitted to the Court and sent to Charter's counsel on April 5, 2019 with the Motion are attached hereto as **Exhibit C** and **Exhibit D**.

**PLEASE TAKE FURTHER NOTICE** that the Debtors will seek entry of the Revised TRO and Revised Show Cause Hearing at the hearing scheduled for **10:00 a.m. (prevailing Eastern Time) on April 15, 2019** before the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these Chapter 11 cases may be obtained free of charge by visiting the website of Kurtzman Carson Consultants LLC at http://www.kccllc.net/windstream. You may also obtain copies of any pleadings by visiting the Court's website at http://www.nysb.uscourts.gov in accordance with the procedures and fees set forth therein.

Dated: April 14, 2019
      New York, NY

/s/ Steven J. Reisman
Steven J. Reisman
Terence P. Ross
Tami Kameda Sims (*pro hac vice pending*)
Shaya Rochester
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022
Telephone: (212) 940-8800
Facsimile: (212) 940-8876
Email: sreisman@katten.com
      terence.ross@kattenlaw.com
      tami.sims@kattenlaw.com
      srochester@katten.com

*Proposed Conflicts Counsel to the Debtors and Debtors in Possession*

**<u>Exhibit A</u>**

**Revised TRO**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| | ) | |
| WINDSTREAM HOLDINGS, INC., et al.,[1] | ) | Case No. 19-22312 (RDD) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| WINDSTREAM HOLDINGS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Adv. Pro. No. 19-08246 |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARTER COMMUNICATIONS, INC. and | ) | |
| CHARTER COMMUNICATIONS OPERATING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**TEMPORARY RESTRAINING ORDER AGAINST CHARTERCOMMUNICATIONS,**
**INC. AND CHARTER COMMUNICATIONS OPERATING, LLC**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors") for the issuance and entry of a temporary restraining order ("TRO"), pursuant to Section 105(a) of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), 15 U.S.C. § 1125(a), Rule 65 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7065 of the Federal

---

[1] The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of debtor entities in these Chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/windstream. The location of the Debtors' service address for purposes of these chapter 11 cases is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.
[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9077-1 of the Local Rules of the

Bankruptcy Court for the Southern District of New York (the "Local Rules"), and this Court's

Interim Case Management Order Establishing Certain Notice, Case Management and

Administrative Procedures [Main Case Docket No. 57] (the "Case Management Order"); and

supported by the Affidavit of Lewis Langston in Support of the Motion, dated April 5, 2019,

[Adv. Docket No. 3] (the "Langston Declaration") and the Supplemental Declaration of Lewis

Langston in Support of the Motion, dated April 11, 2019, [Adv. Docket No. 8] (the

"Supplemental Langston Declaration");

**IT IS HEREBY FOUND AND DETERMINED THAT**:

  A.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the Amended Standing Order of Reference from the United States District Court for

the Southern District of New York, dated February 1, 2012, and that this Court may enter a final

order consistent with Article III of the United States Constitution;

  B.  Venue for this proceeding and the Motion in this district is proper pursuant to 28

U.S.C. §§ 1408 and 1409;

  C.  This is a core proceeding pursuant to 28 U.S.C. § 157(b); and

  D.  The legal and factual bases set forth in the Motion establish good and sufficient

cause for granting the relief sought because the Debtors have demonstrated that: there exists a

substantial likelihood of success on the merits of their claim against Charter for false advertising

under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); they and their estates and creditors

will suffer irreparable harm if a TRO is not granted; the serious and irreparable harm to the

Debtors from failure to issue a TRO far outweighs any harm to Charter; and an issuance of a

TRO is in the public interest by preventing harm to the Debtors' reorganization efforts and their estates.

**IT IS, THEREFORE, ORDERED THAT**:

1.      Charter and each of its affiliates, and each of its and its affiliates' respective officers, agents, employees, and all others in active concert or participation with them shall immediately:

    a.   cease and desist from any and all discontinuation of service to Windstream customers provided pursuant to the Spectrum Business Value Added Reseller Agreement, dated April 11, 2018;

    b.   restore service to all Windstream customers whose service was discontinued on or about March 14, 2019, as alleged in Paragraph 32 of the Complaint;

    c.   cease and desist from any further action to launch the Windstream-related direct mail campaign described at page 5 of Charter's Opposition to the Motion (the "Opposition") and, specifically, not to use in commerce, publish, or otherwise disseminate in any and all media (including, without limitation, Internet, television, radio, newspaper and other print, billboards, direct mail, telephone and as part of any door-to-door campaign) the advertisement attached as Exhibit C to Charter's Opposition;

    d.   cease and desist from using in commerce, publishing, or otherwise disseminating in any and all media (including, without limitation, Internet, television, radio, newspaper and other print, billboards, direct mail, telephone and as part of any door-to-door campaign) the advertisements attached as Exhibit 3 to the Langston Declaration;

4

e.   cease and desist from expressly or impliedly stating in commerce, publishing, or otherwise disseminating in any and all media (including, without limitation, Internet, television, radio, newspaper and other print, billboards, direct mail, telephone and as part of any door-to-door campaign) that Windstream is going out of business, will go out of business or will terminate service to its subscribers;

f.   cease and desist from expressly or impliedly stating in commerce , publishing, or otherwise disseminating in any and all media (including, without limitation, Internet, television, radio, newspaper and other print, billboards, direct mail, telephone and as part of any door-to-door campaign), that Windstream's bankruptcy will impair or otherwise adversely impact Windstream's ability to continue to provide service to its customers;

g.   cease and desist from expressly or impliedly stating in commerce, publishing, or otherwise disseminating in any and all media (including, without limitation, Internet, television, radio, newspaper and other print, billboards, direct mail, telephone and as part of any door-to-door campaign ): "Windstream's future is unknown, but Spectrum is here to stay.";

h.   cease and desist from expressly or impliedly stating in commerce, publishing, or otherwise disseminating in any and all media (including, without limitation, Internet, television, radio, newspaper and other print, billboards, direct mail, telephone and as part of any door-to-door campaign ): "Goodbye, Windstream, Hello Spectrum.";

i.  cease and desist from expressly or impliedly stating in commerce, publishing, or otherwise disseminating in any and all media (including, without limitation, Internet, television, radio, newspaper and other print, billboards, direct mail, telephone and as part of any door-to-door campaign): "Windstream Customers, Don't Risk Losing your TV and Internet Service.";

j.  cease and desist from expressly or impliedly stating in commerce, publishing, or otherwise disseminating in any and all media (including, without limitation, Internet, television, radio, newspaper and other print, billboards, direct mail, telephone and as part of any door-to-door campaign): "Windstream has filed for Chapter 11 bankruptcy, which means uncertainty.  Will they be able to provide the Internet and TV services you rely on in the future?  To ensure you are not left without vital Internet and TV services, switch to Spectrum.";

k.  cease and desist from expressly or impliedly stating in commerce, publishing, or otherwise disseminating in any and all media (including, without limitation, Internet, television, radio, newspaper and other print, billboards, direct mail, telephone and as part of any door-to-door campaign) that Windstream is in bankruptcy or Chapter 11 as part of an effort to persuade Windstream customers to switch their service to Spectrum; and

l.  cease and desist from taking any action or inaction, whether directly or indirectly, to interrupt, disrupt, switch or otherwise impair service to the Debtors' customers.

2.      Charter shall cause a copy of this TRO to be immediately delivered to every employee of Charter and to each person and entity to whom Charter has directed or permitted to

distribute or disseminate any such advertisement, or other such message, that is the subject of this TRO. For the avoidance of doubt, the TRO shall not be sent to Windstream customers.

3.      Good and sufficient cause exists such that the TRO shall remain in full force and effect pending the conclusion of the hearing on the Debtors' request for a preliminary injunction and other equitable relief.

4.      Pursuant to Bankruptcy Rule 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

5.      Good and sufficient service of this TRO and the Motion upon which it is based shall be made if the Debtors have, on or before April 16, 2019, sent this TRO signed by the Court, together with the Motion, Langston Declaration and Supplemental Langston Declaration, by hand-delivery or e-mail to**:** (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at www.kccllc.net/windstream) and (b) any person or entity with a particularized interest in the subject matter of this Order, such that papers are actually received by no later than April 18, 2019.

Dated:   April ___, 2019
        New York, NY                                      _____
                                             THE HONORABLE ROBERT D. DRAIN
                                           UNITED STATES BANKRUPTCY JUDGE

## **Exhibit B**

**Revised Show Cause Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 11 |
| | ) |
| WINDSTREAM HOLDINGS, INC., et al.,[1] | ) Case No. 19-22312 (RDD) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) |
| WINDSTREAM HOLDINGS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) Adv. Pro. No. 19-08246 |
| | ) |
| vs. | ) |
| | ) |
| CHARTER COMMUNICATIONS, INC. and | ) |
| CHARTER COMMUNICATIONS OPERATING, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**SHOW CAUSE ORDER SETTING A HEARING WITH RESPECT TO DEBTORS'**
**MOTION FOR PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF**
**AGAINST CHARTER COMMUNICATIONS, INC. AND CHARTER**
**COMMUNICATIONS OPERATING, LLC**

Upon the motion (the "<u>Motion</u>")[2] of the debtors and debtors in possession in the above-

captioned Chapter 11 cases (collectively, the "<u>Debtors</u>") for an order to show cause why the

Court should not grant the Debtors' request for a preliminary injunction (the "<u>Show Cause</u>

<u>Order</u>"), pursuant to Section 105(a) of Title 11 of the United States Code (as amended, the

"<u>Bankruptcy Code</u>"), 15 U.S.C. § 1125(a), Rule 65 of the Federal Rules of Civil Procedure,

---

[1] The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of debtor entities in these Chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/windstream. The location of the Debtors' service address for purposes of these chapter 11 cases is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

made applicable to this adversary proceeding by Rule 7065 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), Rule 9077-1 of the Local Rules of the Bankruptcy Court

for the Southern District of New York (the "Local Rules"), and this Court's Interim Case

Management Order Establishing Certain Notice, Case Management and Administrative

Procedures [Main Case Docket No. 57] (the "Case Management Order"); and supported by the

Affidavit of Lewis Langston in Support of the Motion, dated April 5, 2019, [Adv. Docket No. 3]

(the "Langston Declaration") and the Supplemental Declaration of Lewis Langston in Support of

the Motion, dated April 11, 2019, [Adv. Docket No. 8] (the "Supplemental Langston

Declaration");

**IT IS HEREBY FOUND AND DETERMINED THAT**:

A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the Amended Standing Order of Reference from the United States District Court for

the Southern District of New York, dated February 1, 2012, and that this Court may enter a final

order consistent with Article III of the United States Constitution;

B.    Venue for this proceeding and the Motion in this district is proper pursuant to 28

U.S.C. §§ 1408 and 1409; and

C.    This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**IT IS, THEREFORE, ORDERED THAT**:

1.    Charter show cause before this Court at the United States Bankruptcy Court for

the Southern District of New York, 300 Quarropas Street, White Plains, New York, on

_____**2019 at ___ [].m** (prevailing Eastern Time), or as soon thereafter as the Court is

available (the "Return Date"), why the Debtors' request for a preliminary injunction should not

be granted.

3

2.      The Debtors and Charter shall produce non-privileged documents responsive to the document production requests already served on April 11, 2019, on or before **April 18, 2019 at 4:00 p.m** (prevailing Eastern Time).

3.      The Debtors and Charter shall each produce for deposition a Rule 30(b)(6) witness for a deposition to last no more than seven (7) hours on April 23, 2019, with the topics for examination to be exchanged no later than **April 19, 2019 at 4:00 p.m.** (prevailing Eastern Time), and any objections thereto to be made no later than **April 21, 2019 at noon** (prevailing Eastern Time).

4.      The Debtors shall file any memorandum of law in support of its request for a preliminary injunction by _____**2019 at ___ [].m** (prevailing Eastern Time).

5.      Charter shall file any opposition thereto by _____**2019 at ___ [].m** (prevailing Eastern Time).

6.      The Debtors shall file any reply thereto by _____**2019 at ___ [].m** (prevailing Eastern Time).

7.      Any papers relating to the Debtors' request for a preliminary injunction shall: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, all General Orders applicable to Chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the Case Management Order; (c) be filed electronically with this Court on the docket of *In re Windstream Holdings, Inc.*, Case 19-22312 (RDD) by registered users of this Court's electronic filing system and in accordance with the General Order M-399 (which is available on this Court's website at http://www.nysb.uscourts.gov); and (d) be served by email so as to be actually received on the day due on (i) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at

http://www.kccllc.net/windstream); and (ii) any person or entity with a particularized interest in the subject matter of the Motion.

8.     The hearing on the Debtors' request for a preliminary injunction may be adjourned from time to time without notice other than an announcement in open court at the hearing or the adjourned date of the hearing.

Dated:   April ___, 2019
         New York, NY

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

**Exhibit C**

**Redline of TRO**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

~~IN THE UNITED STATES BANKRUPTCY COURT~~
~~FOR THE SOUTHERN DISTRICT OF NEW YORK~~

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | )  Chapter 11 |
|  | ) |
| WINDSTREAM HOLDINGS, INC., et al.,[1] | )  Case No. 19-22312 (RDD) |
|  | ) |
| Debtors. | )  (Jointly Administered) |
|  | ) |

|  |  |
|---|---|
| WINDSTREAM HOLDINGS, INC., et al., | ) |
|  | ) |
| Plaintiffs, | ) )  Adv. Pro. No. |
|  | )  ~~——~~19-08246 |
|  | ) |
| vs. | ~~)~~ |
|  | ~~)~~ |
|  | ~~)~~ |
| CHARTER COMMUNICATIONS, INC. and ) CHARTER COMMUNICATIONS OPERATING, LLC, __) | ~~)~~ |
|  | ~~)~~ |
| Defendants. __) | ~~)~~ |
| __) | ~~)~~ |

~~ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAINING
ORDER, SETTING A HEARING WITH RESPECT TO DEBTORS' MOTION FOR~~
**TEMPORARY RESTRAINING ORDER~~, PRELIMINARY INJUNCTION AND
OTHER EQUITABLE RELIEF AGAINST CHARTER COMMUNICATIONS~~
AGAINST CHARTERCOMMUNICATIONS,**
**INC. AND CHARTER COMMUNICATIONS OPERATING, LLC**

---

[1] ~~The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of debtor entities in these Chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/windstream. The location of the Debtors' service address for purposes of these chapter 11 cases is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.~~

Upon ~~consideration of the Debtors' Motion for Temporary Restraining Order, Preliminary Injunction and Other Equitable Relief Against Charter Communications, Inc. and Charter Communications, LLC~~the motion (the "Motion")[2] ~~pursuant to section 105(a) of title~~of the debtors and debtors in possession in the abovecaptioned Chapter 11 cases (collectively, the "Debtors") for the issuance and entry of a temporary restraining order ("TRO"), pursuant to Section 105(a) of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), 15 U.S.C. § 1125(a), Rule 65 of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7065 of the Federal

[1] The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of debtor entities in these Chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/windstream. The location of the Debtors' service address for purposes of these chapter 11 cases is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.
[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9077-1 of the Local Rules of the Bankruptcy Court for the Southern District of New York (the "Local Rules"), and this Court's Interim Case Management Order Establishing Certain Notice, Case Management and Administrative Procedures [~~Dkt No. 57], for the issuance and entry of a temporary restraining order staying, restraining, and enjoining the above-captioned defendants Charter Communications, Inc. and Charter Communications Operating, LLC and all of their respective affiliates and subsidiaries (collectively, "Charter"); and this Court having considered the Motion together with the contemporaneously filed~~Main Case Docket No. 57] (the "Case Management Order"); and supported by the Affidavit of Lewis Langston~~, attesting to the necessity of the relief provided herein (the "Langston Affidavit"); and this Court having~~ in Support of the Motion, dated April 5, 2019,

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3

[Adv. Docket No. 3] (the "Langston Declaration") and the Supplemental Declaration of Lewis

Langston in Support of the Motion, dated April 11, 2019, [Adv. Docket No. 8] (the

"Supplemental Langston Declaration");

**IT IS HEREBY FOUND AND DETERMINED THAT**:

A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

and the Amended Standing Order of Reference from the United States District Court for the

Southern District of New York, dated February 1, ~~2012;~~2012, and that this Court may enter a final

order consistent with Article III of the United States Constitution; ~~and this Court having found that~~

~~venue of~~

B.

Venue for this proceeding and the Motion in this district is proper pursuant to 28

U.S.C. §§ 1408 and 1409; ~~and this Court having found that this~~

C.    This is a core proceeding pursuant to 28 U.S.C. § 157(b); and ~~this Court having~~

~~found that good and sufficient cause exists for granting the relief granted herein; it is hereby:~~

~~FOUND AND DETERMINED THAT~~:

D.    ~~A.~~ The legal and factual bases set forth in the Motion establish ~~just~~good and

sufficient cause for granting the relief ~~granted herein.  The~~sought because the Debtors have

demonstrated ~~a reasonable~~that: there exists a substantial likelihood of success on the merits of

their claim against Charter for false advertising under Section 43(a) of the Lanham Act, 15

U.S.C. § 1125(a)~~.~~

~~B.    Upon good cause shown, a temporary restraining order ("TRO") is entered to~~

~~prevent irreparable injury to the Debtors before the matter can be heard on the Debtors' motion for~~

~~a preliminary injunction.  C.  This~~; they and their estates and creditors will suffer irreparable harm

if a TRO is ~~necessary and proper because~~not granted; the serious and irreparable harm to the

Debtors from failure to issue a TRO far outweighs any harm to Charter~~,;~~ and ~~its~~an issuance of a TRO is in ~~the public's interest.D.    Issuance of this TRO appears necessary to protect the interests of all parties in interest in these Chapter 11 cases and serves~~ the public interest by preventing harm to the Debtors' reorganization efforts and their estates.

**IT IS~~,~~ THEREFORE~~,~~ ORDERED~~:~~ THAT:**

1.    Charter and each of its affiliates, and each of its and its affiliates' respective officers, agents, employees, and all others in active concert or participation with them ~~who receive actual notice of this Order by personal service or otherwise, be temporarily restrained as follows~~shall immediately:

a.   cease and desist from any and all discontinuation of service to Windstream customers provided pursuant to the Spectrum Business Value Added Reseller Agreement, dated April 11, 2018;

b.   restore service to all Windstream customers whose service was discontinued on or about March 14, 2019, as alleged in Paragraph 32 of the Complaint; c. cease and desist from any further action to launch the Windstream-related direct mail campaign described at page 5 of Charter's Opposition to the Motion (the "Opposition") and, specifically, not to use in commerce, publish, or otherwise disseminate in any and all media (including, without limitation, Internet, television, radio, newspaper and other print, billboards, direct mail, telephone and as part of any door-to-door campaign) the advertisement attached as Exhibit C to Charter's Opposition;

d.   ~~a. From~~cease and desist from using in commerce, publishing, or otherwise disseminating in any and all media (including, without limitation, Internet, television, radio, newspaper and other print, billboards, ~~and~~ direct mail~~)~~

~~advertisements or statements that state: "Windstream's future is unknown, but Spectrum is here to stay."~~, telephone and as part of any door-to-door campaign) the advertisements attached as

Exhibit 3 to the Langston Declaration;

e.   cease and desist from expressly or impliedly stating in commerce, publishing, or otherwise disseminating in any and all media (including, without limitation, Internet, television, radio, newspaper and other print, billboards, direct mail, telephone and as part of any door-to-door campaign) that Windstream is going out of business, will go out of business or will terminate service to its subscribers;

f.   cease and desist from expressly or impliedly stating in commerce , publishing, or otherwise disseminating in any and all media (including, without limitation, Internet, television, radio, newspaper and other print, billboards, direct mail, telephone and as part of any door-to-door campaign), that Windstream's bankruptcy will impair or otherwise adversely impact Windstream's ability to continue to provide service to its customers;

g.   cease and desist from expressly or impliedly stating in commerce, publishing, or otherwise disseminating in any and all media (including, without limitation, Internet, television, radio, newspaper and other print, billboards, direct mail, telephone and as part of any door-to-door campaign ): "Windstream's future is unknown, but Spectrum is here to stay.";

h.   ~~b. From using~~cease and desist from expressly or impliedly stating in commerce, publishing, or otherwise disseminating in any and all media (including, without limitation, Internet, television, radio, newspaper and other print, billboards, ~~and~~

6

direct mail, telephone and as part of any door-to-door campaign )

advertisements or statements that state: "Goodbye,

Windstream, Hello Spectrum.";

i.    c. From using cease and desist from expressly or impliedly stating in commerce,

publishing, or otherwise disseminating in any and all media (including, without

limitation, Internet, television, radio, newspaper and other print, billboards, and

direct mail, telephone and as part of any door-to-door campaign)

advertisements or statements that state: "Windstream

Customers, Don't Risk Losing your TV and Internet Service.";

j.    d. From using cease and desist from expressly or impliedly stating in commerce,

publishing, or otherwise disseminating in any and all media (including, without

limitation, Internet, television, radio, newspaper and other print, billboards, and

direct mail, telephone and as part of any door-to-door campaign)

advertisements or statements that state: "Windstream has filed for Chapter 11

bankruptcy, which means uncertainty.  Will they be able to provide the Internet

and TV services you rely on in the future?  To ensure you are not left without

vital Internet and TV services, switch to Spectrum.  With a network for the

future, Spectrum is here for the long haul.";

k.    e. From using cease and desist from expressly or impliedly stating in commerce,

publishing, or otherwise disseminating in any and all media (including, without

limitation, Internet, television, radio, newspaper and other print, billboards, and

direct mail), advertisements or statements, that state whether directly or by

implication, that Windstream's bankruptcy will impair or otherwise adversely

impact Windstream's ability to continue to provide service to its customers.  f.

~~From making any other statement (including~~, telephone and as part of any ~~"door to door" or direct telephone~~door-to-door campaign) that Windstream~~'s~~ is in bankruptcy ~~will impair or otherwise adversely impact Windstream's ability to continue to provide service to its customers.~~or Chapter 11 as part of an effort to persuade Windstream customers to switch their service to Spectrum; and

l. ~~g. From~~cease and desist from taking any action or inaction, whether directly or indirectly, to interrupt, disrupt, switch or otherwise impair service to the Debtors' customers.~~2.~~

2. Charter shall cause a copy of this ~~Order~~TRO to be immediately ~~communicated~~delivered to every employee of Charter and to each person and entity to whom Charter has directed or permitted to distribute or disseminate any such advertisement, or other such message, that is the subject of this ~~Order~~TRO.  For the avoidance of doubt, the ~~Order~~TRO shall not be sent to Windstream customers.

3. ~~Charter is ordered to immediately prevent dissemination of all advertisements or statements, or other such messages~~Good and sufficient cause exists such that ~~are~~the ~~subject of this Order. 4.     This Order~~TRO shall remain in full force and effect ~~until_____, 2019 at :00 _.m. or until an intervening order is issued.~~

**IT IS FURTHER ORDERED THAT:** ~~5.   The Court will conduct a hearing in connection with~~pending the conclusion of the hearing on the Debtors' request for a preliminary injunction ~~on_____, 2019 at _____.m. (ET);~~and other equitable relief.

~~6.     Any papers in opposition to this Order to Show Cause shall be served on the Debtors' proposed conflicts counsel by e-mail, no later than _____ ___, 2019, at __:____ _.m. (Eastern Time); and that the Debtors' reply papers, if any, shall be served by hand-delivery or e-mail no later than _____ ___, 2019, at __:____ _.m. (Eastern Time).~~

4.    ~~7.~~ Pursuant to Bankruptcy Rule 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

5.    ~~8.~~ Good and sufficient service of this ~~Order~~TRO and the Motion upon which it is based shall be made if~~.~~ the Debtors have, on or before April ~~__.~~16, 2019, sent this ~~Order~~TRO signed by the Court, together with the Motion, Langston Declaration and ~~the~~Supplemental Langston ~~Affidavit~~Declaration, by hand-delivery or e-mail to: (a) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at www.kccllc.net/windstream) and (b) any person or entity with a particularized interest in the subject matter of this Order, such that papers are actually received by no later than April 18, 2019.

Dated: April _____, 2019 ~~at ___.m. (Eastern Time).~~
        New York, NY                                    THE HONORABLE ROBERT D. DRAIN

~~Dated:    April ___, 2019~~                                                                 _____
~~New York, NY~~                                          ~~THE HONORABLE ROBERT D. DRAIN~~
                                                        UNITED STATES BANKRUPTCY

JUDGE

Document comparison by Workshare 9.5 on Sunday, April 14, 2019 7:38:44 PM

| Input: | |
|---|---|
| Document 1 ID | file://\\nyc-us-file-01\Users$\gthomps1\Desktop\Windstream - Order to Show  Cause - VERSION SENT TO CHAMBERS ON 4.5.DOCX |
| Description | Windstream - Order to Show  Cause - VERSION SENT TO CHAMBERS ON 4.5 |
| Document 2 ID | file://\\nyc-us-file-01\Users$\gthomps1\Desktop\Windstream - TRO - To File.pdf |
| Description | Windstream - TRO - To File |
| Rendering set | Firm Word - Adds Double Underline, Delete Strikethrough |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 102 |
| Deletions | 85 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 187 |

**<u>Exhibit D</u>**

**Redline of Show Cause Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) |
|  | ) |
|  | ) Chapter 11 |
| WINDSTREAM HOLDINGS, INC., et al.,[1] | ) Case No. 19-22312 (RDD) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |
| WINDSTREAM HOLDINGS, INC., et al., | ) |
|  | ) |
| Plaintiffs, | ) ) Adv. Pro. No. |
|  | ) ——— 19-08246 |
| vs. | ) |
|  | ) |
|  | ) |
| CHARTER COMMUNICATIONS, INC. and ) CHARTER | ) |
| COMMUNICATIONS OPERATING, LLC, ) | ) |
|  | ) |
| Defendants. ) | ) |
| ) | ) |

ORDER TO SHOW CAUSE WITH TEMPORARY RESTRAININGORDER, SETTING A HEARING WITH RESPECT TO DEBTORS'
MOTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY
INJUNCTION AND OTHER EQUITABLE RELIEF
AGAINST CHARTER COMMUNICATIONS, INC. AND CHARTER
COMMUNICATIONS OPERATING, LLC

Upon consideration of the Debtors' Motion for Temporary Restraining Order, Preliminary

Injunction and Other Equitable Relief Against Charter Communications, Inc. and Charter

---

[1] The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of debtor entities in these Chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and

~~Communications, LLC (the "Motion")² pursuant to section 105(a) of title~~the motion (the

"Motion")² of the debtors and debtors in possession in the abovecaptioned Chapter 11 cases

(collectively, the "Debtors") for an order to show cause why the Court should not grant the

Debtors' request for a preliminary injunction (the "Show Cause

Order"), pursuant to Section 105(a) of Title 11 of the United States Code (as amended, the

"Bankruptcy Code"), 15 U.S.C. § 1125(a), Rule 65 of the Federal Rules of Civil Procedure,

¹ The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of debtor entities in these Chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/windstream. The location of the Debtors' service address for purposes of these chapter 11 cases is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

² Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

made applicable to this adversary proceeding by Rule 7065 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), Rule 9077-1 of the Local Rules of the Bankruptcy Court for

the Southern District of New York (the "Local Rules"), and this Court's Interim Case

Management Order Establishing Certain Notice, Case Management and Administrative

Procedures [~~Dkt No. 57], for the issuance and entry of a temporary restraining order staying,~~
~~restraining, and enjoining the above-captioned defendants Charter Communications, Inc. and~~
~~Charter Communications Operating, LLC and all of their respective affiliates and subsidiaries~~
~~(collectively, "Charter"); and this Court having considered the Motion together with the~~
~~contemporaneously filed~~ Main Case Docket No. 57] (the "Case Management Order"); and
supported by the

Affidavit of Lewis Langston~~, attesting to the necessity of the relief provided herein (the "Langston~~

~~Affidavit"); and this Court having~~ in Support of the Motion, dated April 5, 2019, [Adv. Docket No.

3] (the "Langston Declaration") and the Supplemental Declaration of Lewis Langston in Support

noticing agent at http://www.kcclle.net/windstream. The location of the Debtors' service address for purposes of these chapter 11 cases is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

² Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3

of the Motion, dated April 11, 2019, [Adv. Docket No. 8] (the "Supplemental Langston Declaration");

**IT IS HEREBY FOUND AND DETERMINED THAT**:

A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated February 1, ~~2012;~~2012, and that this Court may enter a final order consistent with Article III of the United States Constitution; ~~and this Court having found that venue of~~

B.    Venue for this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and ~~this Court having found that this~~

C.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)~~; and this Court having found that good and sufficient cause exists for granting the relief granted herein; it is hereby FOUND AND DETERMINED THAT:~~.

~~A.    The legal and factual bases set forth in the Motion establish just cause for the relief granted herein. The Debtors have demonstrated a reasonable likelihood of success on the merits of their claim against Charter for false advertising under the Lanham Act, 15 U.S.C. § 1125(a).~~

~~B.    Upon good cause shown, a temporary restraining order ("TRO") is entered to prevent irreparable injury to the Debtors before the matter can be heard on the Debtors' motion for a preliminary injunction.~~

~~C.    This TRO is necessary and proper because the serious and irreparable harm to the Debtors from failure to issue a TRO far outweighs any harm to Charter, and its issuance is in the public's interest.~~

D.      Issuance of this TRO appears necessary to protect the interests of all parties in interest in these Chapter 11 cases and serves the public interest by preventing harm to the Debtors' reorganization efforts and their estates.

**IT IS THEREFORE ORDERED:**

1.      Charter and each of its affiliates, and each of its and affiliates' respective officers, agents, employees, and all others in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, be temporarily restrained as follows:

> a.  From using in commerce, publishing, or otherwise disseminating in any and all media (including, without limitation, Internet, television, radio, newspaper and other print, billboards, and direct mail) advertisements or statements that state: "Windstream's future is unknown, but Spectrum is here to stay."
>
> b.  From using in commerce, publishing, or otherwise disseminating in any and all media (including, without limitation, Internet, television, radio, newspaper and other print, billboards, and direct mail) advertisements or statements that state: "Goodbye, Windstream, Hello Spectrum."
>
> c.  From using in commerce, publishing, or otherwise disseminating in any and all media (including, without limitation, Internet, television, radio, newspaper and other print, billboards, and direct mail) advertisements or statements that state: "Windstream Customers, Don't Risk Losing your TV and Internet Service."
>
> d.  From using in commerce, publishing, or otherwise disseminating in any and all media (including, without limitation, Internet, television, radio, newspaper and other print, billboards, and direct mail) advertisements or statements that state: "Windstream has filed for Chapter 11 bankruptcy, which means uncertainty.

Will they be able to provide the Internet and TV services you rely on in the future?  To ensure you are not left without vital Internet and TV services, switch to Spectrum.  With a network for the future, Spectrum is here for the long haul."

e.   From using in commerce, publishing, or otherwise disseminating in any and all media (including, without limitation, Internet, television, radio, newspaper and other print, billboards, and direct mail), advertisements or statements, that state whether directly or by implication, that Windstream's bankruptcy will impair or otherwise adversely impact Windstream's ability to continue to provide service to its customers.

f.   From making any other statement (including as part of any "door to door" or direct telephone campaign) that Windstream's bankruptcy will impair or otherwise adversely impact Windstream's ability to continue to provide service to its customers.

g.   From taking any action or inaction, whether directly or indirectly, to interrupt, disrupt or otherwise impair service to the Debtors' customers.

2.      Charter shall cause a copy of this Order to be immediately communicated to each person and entity to whom Charter has directed or permitted to distribute or disseminate any such advertisement, or other such message, that is the subject of this Order.  For the avoidance of doubt, the Order shall not be sent to Windstream customers.

3.      Charter is ordered to immediately prevent dissemination of all advertisements or statements, or other such messages that are the subject of this Order.

4.      This Order shall remain in full force and effect until _____, 2019 at :00 _.m. or until an intervening order is issued.

~~IT IS FURTHER ORDERED THAT:~~ **, THEREFORE, ORDERED THAT**:

1.    ~~5. The Court will conduct a hearing in connection with~~Charter show cause before this Court at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York, on _____ **2019 at      [].m** (prevailing Eastern Time), or as soon thereafter as the Court is available (the "Return Date"), why the Debtors' request for a preliminary injunction ~~on _____, 2019 at _____.m. (ET);~~should not be granted.

2.    The Debtors and Charter shall produce non-privileged documents responsive to the document production requests already served on April 11, 2019, on or before **April 18, 2019 at 4:00 p.m** (prevailing Eastern Time).

3.    The Debtors and Charter shall each produce for deposition a Rule 30(b)(6) witness for a deposition to last no more than seven (7) hours on April 23, 2019, with the topics for examination to be exchanged no later than **April 19, 2019 at 4:00 p.m.** (prevailing Eastern Time), and any objections thereto to be made no later than **April 21, 2019 at noon** (prevailing Eastern Time).

4.    The Debtors shall file any memorandum of law in support of its request for a preliminary injunction by _____ **2019 at      [].m** (prevailing Eastern Time).

5.    ~~6. Any papers in~~Charter shall file any opposition ~~to this Order to Show Cause shall be served on the Debtors' proposed conflicts counsel by e-mail, no later than~~thereto by _____ ___~~, 2019,~~__ **2019** at __~~:__~~ –**[].m.** ~~(prevailing~~ Eastern Time)~~; and that the~~.

6.    The Debtors~~' reply papers, if any, shall be served by hand-delivery or e-mail no later than _____ ___, 2019, at __:~~ shall file any reply thereto by _____ **2019 at      –[].m.** ~~(prevailing~~ Eastern Time).

7

7.    Pursuant to Bankruptcy Rule 7065, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure are waived.

7.    8. Good and sufficient service of this Order and the Motion upon which it is based shall be made if: the Debtors have, on or before April ___, 2019, sent this Order signed by the Court, together with the Motion and the Langston Affidavit, by hand-delivery or e-mail to: (aAny papers relating to the Debtors' request for a preliminary injunction shall: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Rules, all General Orders applicable to Chapter 11 cases in the United States Bankruptcy Court for the Southern District of New York, and the Case Management Order; (c) be filed electronically with this Court on the docket of *In re Windstream Holdings, Inc.*, Case 19-22312 (RDD) by registered users of this Court's electronic filing system and in accordance with the General Order M-399 (which is available on this Court's website at http://www.nysb.uscourts.gov); and (d) be served by email so as to be actually received on the day due on (i) the entities on the Master Service List (as defined in the Case Management Order and available on the Debtors' case website at http://www.kccllc.net/windstream); and (bii) any person or entity with a particularized interest in the subject matter of this Order, such that papers are actually received by no later than April ____, 2019 at ___.m. (Eastern Time).the Motion.

8.    The hearing on the Debtors' request for a preliminary injunction may be adjourned from time to time without notice other than an announcement in open court at the hearing or the adjourned date of the hearing.

Dated: April ___, 2019
        New York, NY                    THE HONORABLE ROBERT D. DRAIN
Dated:    April ____, 2019              _____

New York, NY ~~New York, NY~~                         ~~THE HONORABLE ROBERT D. DRAIN~~
                                                UNITED STATES BANKRUPTCY

        JUDGE

Document comparison by Workshare 9.5 on Sunday, April 14, 2019 7:41:30 PM

| Input: | |
|---|---|
| Document 1 ID | file://\\nyc-us-file-01\Users$\gthomps1\Desktop\Windstream - Order to Show  Cause - VERSION SENT TO CHAMBERS ON 4.5.DOCX |
| Description | Windstream - Order to Show  Cause - VERSION SENT TO CHAMBERS ON 4.5 |
| Document 2 ID | file://\\nyc-us-file-01\Users$\gthomps1\Desktop\Windstream - Show Cause - To File.pdf |
| Description | Windstream - Show Cause - To File |
| Rendering set | Firm Word - Adds Double Underline, Delete Strikethrough |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 61 |
| Deletions | 61 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 122 |