**UNITED STATES BANKRUPTCY COURT**
**THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | )<br>)<br>) Chapter 11<br>) |
| WINDSTREAM HOLDINGS, INC., et al.,[1] | ) Case No. 19-22312 (RDD)<br>) |
| Debtors. | ) (Jointly Administered)<br>) |
| WINDSTREAM HOLDINGS, INC., et al., | )<br>)<br>) |
| Plaintiffs, | ) Adv. Pro. No. 19-08246<br>) |
| vs. | )<br>) |
| CHARTER COMMUNICATIONS, INC. and<br>CHARTER COMMUNICATIONS OPERATING, LLC, | )<br>)<br>) |
| Defendants. | )<br>) |

**STIPULATION AND AGREED ORDER AUTHORIZING INTERVENTION BY**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**IN ADVERSARY PROCEEDING NO. 19-08246**

WHEREAS, on April 5, 2019, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a complaint [Adv. Docket No. 1] (as may be amended from time to time, the "Complaint") with this Court to commence the above-referenced adversary proceeding captioned *Windstream Holdings, Inc. et al. v. Charter Communications, Inc. and Charter Communications Operating, LLC*, Adv. Pro. No. 19-08246 (the "Adversary Proceeding");

WHEREAS, the Official Committee of Unsecured Creditors in these Chapter 11 cases (the "Creditors Committee") has requested to intervene in the Adversary Proceeding;

---

[1] The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of debtor entities in these Chapter 11 cases, for which the Debtors have requested joint administration, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at http://www.kccllc.net/windstream. The location of the Debtors' service address for purposes of these Chapter 11 cases is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

WHEREAS, in order to avoid the cost and expense that would be incurred by the Debtors' estates if the Creditors Committee filed a motion to intervene in the Adversary Proceeding, the Debtors and Creditors Committee have agreed to a consensual intervention in the Adversary Proceeding on the terms set forth in this stipulation and order (the "Stipulation and Order");

WHEREAS, the Debtors and Creditors Committee have conferred with the Defendants in the Adversary Proceeding (and together with the Debtors and the Creditors Committee, the "Parties"), and the Defendants have agreed that the Creditors Committee is entitled to intervene in the Adversary Proceeding pursuant to the terms of this Stipulation and Order; and

WHEREAS, the Parties wish to protect the confidentiality of certain discovery pending entry of an appropriate protective order;

NOW, THEREFORE, the Parties stipulate and agree and the Court hereby Orders that:

1. The Creditors Committee shall be, and is hereby, authorized to intervene in the Adversary Proceeding on the terms set forth below.

2. Counsel of record for the Creditors Committee shall be served with all pleadings in accordance with Rule 7005 of the Federal Rules of Bankruptcy Procedure.

3. The Creditors Committee may participate in the discovery process as it relates to the Adversary Proceeding; provided, (a) the Creditors Committee shall consult with the Debtors and work in good faith with the Debtors to limit the cost and expense to the Debtors' estates; (b) the Debtors will take the lead on discovery requests and depositions; and (c) the Debtors and Creditors Committee shall work in good faith to subject the Defendants only to coordinated discovery requests and deposition notices from one plaintiff party.

4. The Creditors Committee, consistent with its status as intervener, may file and respond to motions, memoranda of law and any other pleadings filed in the Adversary Proceeding.

2

5. The Creditors Committee may be heard on any matter before the Court in this Adversary Proceeding; *provided*, the Debtors shall take the lead on such matters, and the Creditors Committee shall consult with the Debtors in connection with such matters.

6. Notwithstanding anything contained herein, nothing in this Stipulation and Order shall grant the Creditors Committee standing to prosecute or settle any of the claims or causes of action set forth in the Complaint.

7. The Parties agree that certain documents produced in this action may (a) contain trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contain private or confidential personal information, or (c) that contain information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. The Parties agree that, pending entry of an appropriate protective order, such documents may be designated as "Confidential." The Parties agree that documents designated as "Confidential" shall be used solely for purposes of the prosecution or defense of this action, shall not be used for any business, commercial, competitive, personal or other purpose, and shall not be disclosed outside this Adversary Proceeding, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by order of the Court. The Parties agree that, pending entry of an appropriate protective order, the Debtors and/or the Defendants shall have the right to designate as "Attorneys' Eyes Only" any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party.

8. The Creditors Committee agrees, pending entry of an appropriate protective order, that (a) all documents already produced by the Debtors or the Defendants in this Adversary Proceeding designated as Confidential, (b) any deposition transcripts, and (c) additional documents and information produced in the Adversary Proceeding during Rule 30(b)(6) depositions, shall be treated by the Creditors Committee as Attorneys' Eyes Only for 45 days from the date this Stipulation and Order is entered by the Bankruptcy Court (such 45-day period, the "Interim Period").  During the Interim Period, the Creditors Committee agrees that none of these Attorneys' Eyes Only documents, transcripts, and information received by Creditors Committee's counsel shall be disclosed to any person or entity except the following:

i. The Court and its officers, and any court reporters who transcribe testimony at depositions, hearings, or trial;

ii. Counsel of record, including their respective lawyers, paralegals, secretarial, or clerical personnel who are in fact working on the Adversary Proceeding; or

iii. Consultants or experts assisting the Creditors Committee in the evaluation, prosecution, or defense of this Adversary Proceeding; provided such persons are not employees of any business competitor of the Debtors or Defendants.

9. Creditors Committee's counsel agrees that, during the Interim Period, the Attorneys' Eyes Only documents, deposition transcripts, and information and documents produced in this matter during Rule 30(b)(6) depositions will not be provided to the members of the Creditors Committee or employees of members of the Creditors Committee.  Prior to the conclusion of the Interim Period, the Debtors and Defendants shall work in good faith to remove the Attorneys' Eyes Only designation from all but those documents, transcript portions and information for which the Attorneys' Eyes Only designation properly applies.  In the event the Creditors Committee disputes any of the designations made by the Debtors or the Defendants, it

may challenge those designations, first with the Debtors or Defendants, as applicable, and then, if there is no resolution to the dispute, with the Bankruptcy Court.

10. The entry of this Stipulation and Order is without prejudice to the rights of any party to seek modification of this Stipulation and Order for cause.

11. The Court shall retain exclusive jurisdiction to interpret, implement, and enforce the provisions of this Stipulation and Order.

It is SO ORDERED:

Dated:  May 10, 2019                          /s/Robert D. Drain
        White Plains, NY                     THE HONORABLE ROBERT D. DRAIN
                                                     UNITED STATES BANKRUPTCY JUDGE

Dated: May 9, 2019  
New York, NY

*/s/ Terence P. Ross*  
Terence P. Ross  
Tami Kameda Sims (*admitted pro hac vice*)  
Shaya Rochester  
**KATTEN MUCHIN ROSENMAN LLP**  
575 Madison Avenue  
New York, NY 10022  
Telephone: (212) 940-8800  
Facsimile: (212) 940-8876  
Email: terence.ross@kattenlaw.com  
    tami.sims@kattenlaw.com  
    srochester@katten.com  
*Conflicts Counsel to the Debtors and Debtors in Possession*

*/s/ Lorenzo Marinuzzi*  
Lorenzo Marinuzzi  
Todd M. Goren  
Jennifer L. Marines  
Jamie A. Levitt  
Steven T. Rappoport  
**MORRISON & FOERSTER LLP**  
250 West 55th Street  
New York, NY 10019  
Telephone: (212) 468-8045  
Email: lmarinuzzi@mofo.com  
    tgoren@mofo.com  
    jmarines@mofo.com  
    jlevitt@mofo.com  
    srappoport@mofo.com  
*Counsel for the Official Committee of Unsecured Creditors*

/s/ Brian Hockett  
John Kingston (*admitted pro hac vice vice*)  
Michael Nepple (*admitted pro hac vice*)  
Brian Hockett (*admitted pro hac vice*)  
**THOMPSON COBURN LLP**  
One US Bank Plaza  
St. Louis, MO 63101  
Telephone:    (314) 552-6000  
Facsimile:    (314) 552-7000  
Email: jkingston@thompsoncoburn.com  
    mnepple@thompsoncoburn.com  
    bhockett@thompsoncoburn.com  
*Counsel for Defendants Charter Communications, Inc. and Charter Communications Operating, LLC*