UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────────x

In re:  Chapter 11

WINDSTREAM HOLDINGS, INC., et al.,  Case No. 19-22312 (RDD)

                Debtors.  (Jointly Administered)
──────────────────────────────────────x

WINDSTREAM HOLDINGS, INC., et al.,

                Plaintiffs,

v.  Adv. Pro. No. 19-08246

CHARTER COMMUNICATIONS, INC. and
CHARTER COMMUNICATIONS OPERATING,
LLC,

                Defendants.
──────────────────────────────────────x

**MEMORANDUM OF DECISION ON DEFENDANTS' OBJECTIONS
TO "BANKRUPTCY COURT'S REPORT AND RECOMMENDATIONS"**

Appearance:

Thompson Coburn LLP, by John Kingston, Michael Nepple, and Brian Hockett, for Defendants Charter Communications, Inc. and Charter Communications Operating, LLC ("Defendants")

Hon. Robert D. Drain, United States Bankruptcy Judge

        On January 28, 2020 this Court entered five orders in this adversary proceeding either granting in part and denying in part motions to strike expert reports and/or testimony or granting such motions [Dkt. Nos. 250 - 255] (collectively, the "Orders"). Each of the Orders was an interlocutory order; none finally decided the underlying claims before the Court in this adversary proceeding or ended the decision-making process with respect to those claims. See Ritzen Grp., Inc. v. Jackson Masonry, LLC, 205 L.Ed.2d 419, 424, 2020 U.S. LEXIS 526 (2020) ("Orders in

1

bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case."); O'Toole v. McTaggart (In re Trinsum Group, Inc.), 467 B.R. 734, 741 (Bankr. S.D.N.Y. 2012) ("[An] adversary proceeding being the relevant judicial unit, the order ending the adversary proceeding would generally be the only final order.").

Nevertheless, the Defendants filed a pleading on February 11, 2020 (the "Pleading") captioned "Objections to Bankruptcy Court's Report and Recommendations" that characterizes the Orders[1] as the Court's "report and recommendations under Fed. R. Bankr. P. 9033" and seeks to initiate the process set forth in that Rule.

Bankruptcy Rule 9033 applies in two circumstances: (i) where the contested matter or adversary proceeding over which the bankruptcy court is presiding is not "core" under 28 U.S.C. § 157(b)(2), and (ii) where the bankruptcy court's exercise of "core" jurisdiction under 28 U.S.C. § 157(b)(2) violates the United States Constitution's prohibition of non-Article III courts' entry of final judgments.  Advisory Committee Note to Fed. R. Bankr. P. 9033 (2016).  In such situations, under 11 U.S.C. § 157(c)(1) and local rules or standing orders[2] entered throughout the country after Stern v. Marshall, 564 U.S. 462 (2011), bankruptcy courts must issue proposed findings of fact and conclusions of law (not, as the Pleading states, a "report and recommendation"), or their final orders will be deemed such, for consideration by the district court and *de novo* review of those matters to which any party has timely and specifically objected under the procedure set forth in Rule 9033.

Fed. R. Bankr. P. 9033(b) and (c) provide for (i) the service and filing of objections to proposed findings of fact and conclusions of law within 14 days after service of such findings

---

[1] The Pleading lists another order of the Court, which granted a motion to seal a portion of an earlier pleading [Dkt. 149], but with the exception of listing that order does not address it.
[2] See Amended Standing Order of Reference of Chief Judge Loretta A. Preska, dated January 31, 2012 (M-431), applicable to all bankruptcy cases in the Southern District of New York.

and conclusions, extendable by the bankruptcy judge for cause by no more than 21 days, (ii) the response to such objections within 14 days thereafter, and (iii) the transcription of the record to the district court, or such portions as all parties may agree or the bankruptcy judge deems sufficient, unless the district judge otherwise directs, and thereafter, of course, (iv) consideration and a decision by the district court.  It is a reasonably efficient procedure when a matter or proceeding has been finally resolved, adding on to the normal time for the commencement and consideration of an appeal as of right only the period for responses to the objections and, perhaps, up to a 21-day extension for objections.  It clearly would be a procedural nightmare, however, to have to follow Bankruptcy Rule 9033 for interlocutory orders in matters and proceedings that only might conclude with a final order subject to Stern v. Marshall or 28 U.S.C. § 157(c)(1).  Here, for example, trial is scheduled for March 30, 2020, and, notwithstanding that the adversary proceeding would appear to be trial ready, the Rule 9033 process that the Pleading attempts to initiate, with an ultimate ruling by the District Court, realistically would not end by that date.

      The Defendants contend, though, that compliance with Bankruptcy Rule 9033 is required with respect to the Orders.  The Pleading gives two reasons for that contention.  First, Defendants state that 28 U.S.C. § 157(c) and Stern v. Marshall "do[] not limit the matters on which a bankruptcy court is to submit proposed findings and conclusion[s] to final orders and likewise do[] not limit the matters for which *de novo* review by the district [court] is mandated where timely and specific objections have been asserted."  Pleading at 2.  Second, Defendants state that, because they have demanded a jury trial on certain of the claims in this proceeding, "Permitting a bankruptcy court to issue an unreviewable interlocutory order that could potentially constrain the authority of the Article III judge presiding over a jury trial by, e.g.,

3

operation of the 'law-of-the-case' doctrine or the reconsideration limitations imposed by S.D.N.Y. Local Civil Rule 6.3, would violate Defendants' constitutional rights under . . . the Seventh Amendment." Id. at 3.

The Defendants are wrong. They cite no cases on point and discuss none of the precedents -- including the case previously cited to them by this Court during a prior hearing -- that specifically refute their two contentions. Because their Rule 9033 process is self-executing, moreover, the Defendants are trying to impose its unwarranted delay, uncertainty and cost without scheduling a hearing or triggering briefing regarding their unsupported assertions. The Court therefore takes the unusual step of issuing this Memorandum of Decision *sua sponte* to cut short the ill effects of that gambit.

By the Judiciary Act's plain terms and as interpreted by the case law and leading commentator on bankruptcy, the requirement that bankruptcy courts submit proposed findings of fact and conclusions of law in non-core matters to the district court applies only to "final orders or judgments." 28 U.S.C. § 157(c)(1); In re Pan Am Corp., 159 B.R. 396, 400 (S.D.N.Y. 1993); Lesser v. A-Z Assocs. (In re Lion Capital Group), 46 B.R. 850, 854 (Bankr. S.D.N.Y. 1985) (noting that a contrary approach "would require wholesale deferral of all interlocutory matters . . . to the district courts thereby swamping district court calendars"); 1 Collier on Bankruptcy ¶ 3.03[2] (16th ed. 2019); see generally In re Trinsum Group, Inc., 467 B.R. 734, 739 (Bankr. S.D.N.Y. 2012) ("Pre-Stern case law clearly established that, in such instances, bankruptcy courts may enter interlocutory orders; only entry of a final order or judgment requires the bankruptcy court to submit proposed findings of fact and conclusions of law to the district court.").

4

A bankruptcy court loses the power to enter interlocutory orders in matters pending before it under 28 U.S.C. § 157(c)(1) only upon its voluntary submission of proposed findings of fact and conclusions of law with respect to such rulings[3] or the district court's withdrawal of the reference under 28 U.S.C. § 157(d). Orion Pictures Corp. v Showtime Networks (In re Orion Pictures Corp.), 4 F.3d 1095, 1101-1102 (2d Cir. 1993); Gecker v. Marathon Fin. Ins. Co., 391 B.R. 613, 616 (N.D. Ill. 2008).

The same rule applies to interlocutory orders in contested matters and adversary proceedings where the bankruptcy court is constitutionally precluded from entering final orders or judgments. By its own terms Stern v. Marshall's constitutional limitation applies only to the bankruptcy courts' power to enter "final" judgments, 564 U.S. at 501-02, and it is now very well established that bankruptcy courts consistent with Stern v. Marshall may handle all pretrial proceedings short of a final ruling -- including entry of interlocutory orders dismissing fewer than all of the claims in an adversary complaint, granting partial summary judgment, or making discovery and evidentiary rulings -- without the need to issue proposed findings of fact and conclusions of law and invocation of Fed. R. Bankr. P. 9033. See, e.g., In re Lehman Bros. Holdings, 2019 U.S. Dist. LEXIS 77887, at *38-39 (S.D.N.Y. May 18, 2019); Am. Media, Inc. v. Anderson Mgmt. Servs. (In re Anderson News, LLC), 2015 U.S. Dist. LEXIS 109896, at *4-5 (D. Del. August 19, 2015); Boyd v. King Par. LLC, 2011 U.S. Dist. LEXIS 130070, at *5-6 (W.D. Mich. Nov. 10, 2011); Tomasino v. Inc. Vill. of Islandia (In re Suffolk Reg'l Off-Track Betting Corp.), 591 B.R. 127, 129 (Bankr. E.D.N.Y. 2018); Culture Project, Inc. v. Bertha

---

[3] Although a bankruptcy court is permitted to accelerate review of an otherwise interlocutory order by filing, under Fed. R. Bankr. P. 7016(b)(2), proposed findings of fact and conclusions of law before the end of the contested matter or adversary proceeding, the strong federal policy against piecemeal appeals under Fed. R. Bankr. P. 7054 ordinarily counsels against it. In re Trinsum Group, Inc., 467 B.R. at 738, 742. To be clear, this Court has made no such determination here, nor have the Defendants sought one under Fed. R. Bankr. P. 7016(b)(2) or sought permission from the District Court to file an interlocutory appeal of the Orders under 28 U.S.C. § 158(a)(3).

5

Found. (In re Culture Project, Inc.), 2017 Bankr. LEXIS 1925, at *15-16 (Bankr. S.D.N.Y. July 11, 2017); Jones v. Brand (In re Belmonte), 551 B.R. 723, 726 (Bankr. E.D.N.Y. 2016); Rapid-Am. Corp. v. Travelers Cas. & Sur. Co. (In re Rapid-Am. Corp.), 2016 Bankr. LEXIS 2224, at *22 (Bankr. S.D.N.Y. June 7, 2016); Messer v. Bentley Manhattan Inc. (In re Madison Bentley Assocs., LLC), 2015 Bankr. LEXIS 3507, at *52-52 n. 9 (Bankr. S.D.N.Y. Oct. 16, 2015); In re Trinsum Group, Inc., 467 B.R. at 739-40.

It is not my normal practice to use lengthy string cites. This list, which easily could be doubled with other citations, is warranted here, however, because of Defendants' remarkable omission of any of the relevant caselaw, which unfortunately is far from the first time that they have done so in this adversary proceeding. The only decision that they have cited, Southard v. Barrett (In re HHE Choices Health Plan, LLC), 2019 Bankr. LEXIS 3593 (Bankr. S.D.N.Y. Nov. 15, 2019), is distinguishable.

In that case, the District Court had made it clear that because the Bankruptcy Court could not under Stern v. Marshall issue a final decision on the merits of certain claims, nor conduct the jury trial that had been demanded, withdrawal of the reference would likely be warranted when the proceeding was "trial ready." Southard v. Barrett, (In re HHH Choices Health Plan, LLC), 2019 U.S. Dist. LEXIS 53121, at *6-8 (S.D.N.Y. Mar. 28, 2019). It is equally clear from a review of the docket that Bankruptcy Judge Wiles reached the end of his pre-trial rulings with his opinion and that the matter was in fact trial ready.[4] Under such circumstances, it was appropriate for Judge Wiles to exercise his discretion to issue proposed findings of fact and conclusions of law. If there is any doubt that the decision stands only for that proposition, it is worth noting that the same judge ruled in In re Culture Project, Inc., 2017 Bankr. LEXIS 1925, consistent with all

---

[4] The District Court's docket reflects that the reference was withdrawn promptly after the Rule 9033 process ended in the Bankruptcy Court.

6

of the other caselaw, that proposed findings of fact and conclusions of law are not required for interlocutory orders and must be incorporated into them as appropriate only when the bankruptcy court renders a final decision or in the judge's discretion under Fed. R. Bankr. P. 7016(b)(2):

> Any final judgment in this adversary proceeding . . . will eventually require entry of proposed findings of fact and conclusions of law that will be subject to objection and to district court review. However, the pending motion to dismiss applies only to some (not all) of the asserted claims, and applies only to claims against one defendant. A ruling on the motion is therefore an interlocutory ruling and not a final judgment. This Memorandum Decision will be incorporated into the Court's findings of fact and conclusions of law if and when a final judgment is entered.

Id., at *15-16 (citations omitted). See also In re Rapid-Am. Corp., 2016 Bankr. LEXIS 2224, at *22 ("Given the policy against piecemeal appeals generally, the Court will submit its proposed findings and conclusions at the conclusion of the adversary proceeding."); In re Madison Bentley Assocs., 2015 Bankr. LEXIS 3507:

> This court's decision today is interlocutory as it addresses only liability on Count II but leaves open the question of damages, and denies outright summary judgment for both parties on Count I. The Court is mindful, however, that the damage calculation on Count II appears to be the only matter left that would be appropriate for this Court to address. The District Court is constitutionally charged with entering any final judgment in this case, which here appears to require a trial on the merits of Count I. As all discovery in this matter has been completed, the parties should consider whether it is appropriate in the near future to seek to withdraw the reference in this case to the District Court so that this matter can proceed to a final judgment.

Id., at *52-53 n. 9; Citibank, N.A. v. Bombshell Taxi, LLC, 2017 U.S. Dist. LEXIS 112469, at *2 and *12-13 (E.D.N.Y. July 19, 2017), where the district court considered the bankruptcy court's proposed findings of fact and conclusions of law with respect to a summary judgment ruling that finally resolved all issues between two of the parties in the adversary proceeding, but not the bankruptcy court's discovery rulings, which the court held should have been the subject of a request for an interlocutory appeal if review was to be sought.

7

The Defendants' contention that the Seventh Amendment right to a jury trial compels the issuance of findings of fact and conclusions of law for a bankruptcy court's interlocutory rulings in matters or proceedings where a jury trial might ultimately be conducted is equally incorrect. As held in First Fid. Bank, N.A., N.J. v. Hooker Invs., Inc. (In re Hooker Invs., Inc.), 937 F.2d 833, 837 (2d Cir. 1991), the possible collateral effect of an interlocutory order on a party's jury trial right would not transform the order into a final determination. Thus, the bankruptcy court may decide a party's right to a jury trial in an interlocutory ruling, let alone make rulings that might collaterally affect such a right, without the requirement to submit proposed findings of fact and conclusions of law. In re Belmonte, 551 B.R. at 726. See generally, Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com), 504 F.3d 775, 787 (9th Cir. 2007), noting courts' universal holdings, including in In re Orion Pictures Corp., 4 F.3d at 1102-02, that "a Seventh Amendment jury trial right does not mean the bankruptcy court must instantly give up jurisdiction and that the case must be transferred to the district court. Instead, the bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters." (Citations omitted.) Among the reasons for allowing the bankruptcy court to retain jurisdiction over pre-trial matters where ultimately a party might be entitled to a jury trial, the court stated, "[A]llowing the bankruptcy court to retain jurisdiction over *pre-trial* matters, does not abridge a party's Seventh Amendment *right to a jury trial*. A bankruptcy court's pre-trial management will likely include matters of 'discovery,' 'pre-trial conferences,' and routine 'motions,' which obviously do not diminish a party's *right* to a jury trial. Moreover, even if the bankruptcy court were to rule on a dispositive motion, it would not affect a party's Seventh Amendment *right* to a jury trial, as these motions merely address whether trial is necessary at all. . . . They merely involve legal issues as to whether *any* trial is necessary." Id. at 787 (citations omitted; emphasis in the original).

**Conclusion**

For the foregoing reasons, the Court determines that the Pleadings are an improper procedural gambit and should be disregarded. Counsel for the Plaintiff shall submit an order consistent with this Memorandum of Decision.

Dated:  White Plains, New York
        February 19, 2020

/s/Robert D. Drain
United States Bankruptcy Judge
