**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| WINDSTREAM HOLDINGS, INC., *et al.*,[1] | Case No. 19-22312 (RDD) |
| Debtors. | (Jointly Administered) |
| WINDSTREAM HOLDINGS, INC., *et al.*, | |
| Plaintiffs, | Adv. Pro. No. 19-08246 |
| v. | |
| CHARTER COMMUNICATIONS, INC. and CHARTER COMMUNICATIONS OPERATING, LLC, | |
| Defendants. | |

**ORDER GRANTING IN PART AND DENYING IN PART DEBTORS'**
**MOTION FOR PARTIAL SUMMARY JUDGMENT OF LIABILITY**

Upon consideration of the Debtors' *Motion for Summary Judgment of Liability on All Counts*, dated November 15, 2019 [Adv. Dkt. No. 122] (the "<u>Motion</u>"),[2] the memorandums of law in support thereof, and the responses and objections filed in response thereto and all other related pleadings; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b), 28 U.S.C. §§ 1334(b) and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated

---

[1] The last four digits of Debtor Windstream Holdings, Inc.'s tax identification number are 7717. Due to the large number of debtor entities in these Chapter 11 cases, for which joint administration has been granted, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at http://www.kccllc.net/windstream. The location of the Debtors' service address for purposes of these Chapter 11 cases is: 4001 North Rodney Parham Road, Little Rock, Arkansas 72212.

[2] Each capitalized term used in this Order shall unless otherwise defined herein have the same meaning ascribed to such term in the Motion.

January 31, 2012; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that due and sufficient notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules and this Court's Final Order Establishing Certain Notice, Case Management and Administrative Procedures [Bankr. Dkt. No. 392]; and it appearing that no other or further notice need be provided; and upon the record of, and for the reasons stated by the Court in its bench ruling at, the hearing held by the Court on the Motion on December 18, 2019 (the "Hearing"), it is HEREBY ORDERED THAT:

1. The Motion is GRANTED *IN PART* and DENIED *IN PART,* as follows:

   a. The Motion is GRANTED with respect to liability on Counts I-IV for violation of the Lanham Act and related state deceptive trade practices laws for the reasons described in pages 136-149 of the Revised Transcript for the Hearing [Adv. Dkt. No. 237].

      i. There are no genuine disputes of material fact and, as a matter of law, the Defendants' advertising is literally false, intentionally misleading, and misleading; the Defendants' literally false and misleading statements are material; the Defendants' literally false and misleading statements were placed in interstate commerce; and the Debtors have been injured as a direct and proximate result of Defendants' literally false and misleading advertising.

      ii. There are no genuine disputes of material fact and, as a matter of law, the Defendants intentionally set out to deceive the public by intentionally designing the false mailer to look like it was sent by the Debtors at a time when the Debtors would be notifying their customers of these Chapter 11 cases, and then

        by falsely communicating in the mailer that the Debtors' service was at imminent risk of being terminated.

    iii. No other genuine disputes of material fact remain for trial with respect to liability on Counts I-IV, and the Debtors are entitled to judgment as a matter of law of liability on Counts I-IV.

b.     The Motion is GRANTED with respect to liability on Count V for breach of contract for the reasons described in pages 149-151 of the Revised Transcript for the Hearing [Adv. Dkt. No. 237].

    i. There are no genuine disputes of material fact and, as a matter of law, a Value Added Reseller ("VAR") agreement existed between the Defendants and the Debtors; the Debtors adequately performed under the VAR agreement; and the Defendants breached the VAR agreement by disconnecting service to the Debtors' customers without providing the required prior notice.

    ii. No other genuine disputes of material fact remain for trial with respect to liability on Count V and the Debtors are entitled to judgment as a matter of law of liability on Count V.

c.     The Motion is GRANTED *IN PART* and DENIED *IN PART* with respect to liability on Count VI for violation of the Bankruptcy Code's automatic stay provision for the reasons described in pages 151-152 of the Revised Transcript for the Hearing [Adv. Dkt. No. 237].

    i. There are no genuine disputes of material fact and, as a matter of law, the Defendants violated 11 U.S.C. § 362(a) in two ways: (A) through the Defendants' breach of the VAR agreement, by terminating service to the

3

        Debtors' customers without the required prior notice, in an effort to enforce a prepetition debt and/or to control property of the estate; and (B) through the Defendants' literally false and misleading advertising in an effort to control property of the Debtors' estate, namely, the Debtors' customers or contracts with those customers.

    ii. The Court finds that genuine disputes of material fact remain for trial on the remaining elements of this cause of action.

d. The Motion is GRANTED *IN PART* and DENIED *IN PART* with respect to liability on Count VII for equitable subordination for the reasons described in pages 152-154 of the Revised Transcript for the Hearing [Adv. Dkt. No. 237].

    i. There are no genuine disputes of material fact and, as a matter of law, Defendant Charter Communications Operating, LLC ("Operating") has filed proofs of claim against numerous Debtors in these Chapter 11 cases; Defendant Operating engaged in inequitable conduct tantamount to fraud and misrepresentation through its literally false and misleading advertising, with an intent to deceive, in violation of the Lanham Act and related state deceptive trade practices laws that are the subject of Counts I-IV; and the Debtors against whom Defendant Operating filed proofs of claim were harmed by such inequitable conduct.

    ii. The Court finds that genuine disputes of material fact remain for trial on the remaining elements of this cause of action.

2. Given that the Court is granting only partial summary judgment of liability on less than all claims in this adversary proceeding, this Order is not a final order or proposed findings of fact and

5

conclusions of law for the reasons described in pages 130-131 and 154-156 of the Revised Transcript for the Hearing [Adv. Dkt. No. 237].

3. This Court retains jurisdiction with respect to all matters arising from or related to this Order.

Dated: March 3, 2020            */s/Robert D. Drain*
      White Plains, NY         THE HONORABLE ROBERT D. DRAIN
                                   UNITED STATES BANKRUPTCY COURT JUDGE